# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

STATE OF OHIO,

        Plaintiff,        :        Case No. 3:09-cv-099

                                     District Judge Walter Herbert Rice
   -vs-                             Magistrate Judge Michael R. Merz

                              :

LARRY E. EALY,

        Defendant.

## REPORT AND RECOMMENDATIONS

This case is an attempted removal to federal court of a traffic case pending against Defendant in the Dayton Municipal Court, captioned *State v. Ealy,* Case No. 2008 TRD 3189. In this Court's Case No. 3:08-cv-469, Mr. Ealy previously attempted to remove the same traffic case from the Dayton Municipal Court. Judge Rice entered final judgment in that case on March 3, 2009, adopting Magistrate Judge Ovington's conclusion that the removal was untimely (Doc. No. 10). Judge Rice also certified to the Court of Appeals that any appeal of that decision would be frivolous. *Id.*

... [W]hen a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are bound "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." *Cromwell v. County of Sac*, 94 U.S. 351, 352, 24 L. Ed. 195 (1877). The judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever, absent fraud or some other factor invalidating the judgment. *Commissioner v. Sunnen*, 333 U.S. 591, 68 S. Ct. 715, 92 L. Ed. 898 (1948), diverged from in *Montana v. United States*, 440 US. 147, 99 S. Ct. 970, 59 L. Ed. 2d

210 (1979).

*Res judicata* "extinguishes 'all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the cause of action arose.'" *Hamilton's Bogarts, Inc., v. Michigan,* 501 F. 3d 644 (6th Cir. 2007), quoting *Walker v. General Tel. Co., 25* F. App'x 332, 336 (6th Cir. 2001).

Because renewed litigation of the attempted renewal is barred by the final judgment in Case No. 3:08-cv-469 and the doctrine of *res judicata*, the Complaint herein should be dismissed with prejudice and the Court should certify that any appeal would be frivolous and therefore may not be taken *in forma pauperis*.

March 11, 2009.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).