# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

STATE OF OHIO,

       Plaintiff,                    :         Case No. 3:09-cv-099

                                      District Judge Walter Herbert Rice
   -vs-                                Magistrate Judge Michael R. Merz

                             :

LARRY E. EALY,

       Defendant.

## REPORT AND RECOMMENDATIONS

On March 18, 2009, the undersigned entered an Order to Show Cause requiring Plaintiff to "show cause in writing not later than April 1, 2009, why he should not be sanctioned under Fed. R. Civ. P. 11 for repeated filing of frivolous litigation." Plaintiff was expressly "advised that the Court is considering barring him from proceeding *in forma pauperis* in this Court unless represented by an attorney." (Doc. No. 4) Plain tiff has filed nothing in response to this Order, although he has since its entry filed numerous motions to transfer various of his cases "to the State Capital."

In a Report and Recommendations filed today in another of Plaintiff's cases, Case No. 3:09-cv-100, Magistrate Judge Ovington has detailed a great deal of Plaintiff's frivolous litigation activity in this Court, listing the following cases: *Larry E. Ealy v. Dr. Jerome Schulte*, 3:09cv0098; *Larry E. Ealy v. Judge Alice O'McCollum, et al.*, 3:09cv00056; *Larry E. Ealy v. Steve Diorio, et al.*, 3:09cv00052; *Larry E. Ealy v. Judge James Manning, et al.*, 3:09cv00047; *Larry E. Ealy v. Judge James E. Ruppert*, et al., 3:09cv00010; *Larry Ealy v. Judge Daniel G. Gehres,* 3:06cv00218; *Larry Ealy v. Chief Judge Walter H. Rice*, 3:03cv00196; and *Larry Ellis Ealy v. Judge Thomas M. Rose, et al.*, 303cv00232 (*Id*. at Doc. No. 5, 10-11.) Judge Ovington lists these cases to demonstrate how

1

many of Mr. Ealy's claims in that case are barred by *res judicata* or collateral estoppel. Judgment in this case was based on the same doctrine.

These cases can also be cited for the proposition that Mr. Ealy's filings in this Court are frivolous and in violation of Fed. R. Civ. P. 11. Virtually every case he has filed in recent years has been dismissed as frivolous upon initial screening under 28 U.S.C. § 1915. No case he has ever filed in this Court has resulted in either a judgment or settlement in his favor or reversal by the Sixth Circuit. While this Court could continue to recognize his *in forma pauperis* status and then dismiss the cases as frivolous, there comes a point when the filing of repeated frivolous litigation is properly found to be for harassment purposes and the processing of such litigation distracts the Court from meritorious claims. That point has been reached with Mr. Ealy. He seems to concede as much by his complete failure to respond to the Order to Show Cause, despite the express warning that the Court was considering a bar.

It is, of course, important to continue to provide access to the Court for those unable to afford the filing fee who have potentially meritorious cases to be considered. However, in the past this Court has restricted access of *in forma pauperis* litigants whose purpose is plainly to use litigation to harass. Fed. R. Civ. P. 11 requires that a court, upon finding a violation of the Rule, impose a sanction sufficient to deter repetition of the violative conduct, expressly including nonmonetary sanctions.

A litigant who persistently abuses the privilege of proceeding *in forma pauperis* can be barred from doing so. This Court has done so in the case of Frank Newsome, and in *Sassower v. Mead Data Central*, *Cossett v. Federal Judiciary,* and *In Re Phillip E. (Bo) Guess*, General Order No 95-3 (Eastern Div., 3/13/95). The Supreme Court also did so in *In re Sassower,* 510 U.S. 4 (1993).

It is therefore respectfully recommended that Plaintiff Larry E. Ealy be barred from filing

any case in this Court *in forma pauperis* without the express prior written permission of the Chief Judge unless the filing is made on his behalf by a member of the bar of this Court.

April 3, 2009.

s/ **Michael R. Merz**<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).